UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JERRY JERON DANIELS,              :
    Plaintiff                              :   CIVIL ACTION NO. 3:23-CV-1539
    v.                                         :   (Judge MANNION)
PETER DAMITER, *et al.*,          :
    Defendants                         :

## MEMORANDUM

Presently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. For the reasons set forth below, the motion will be granted and this case will be dismissed without further leave to amend.

### I. BACKGROUND

Plaintiff, Jerry Jeron Daniels ("Daniels"), is an inmate currently incarcerated at Frackville State Correctional Institution ("SCI-Frackville"). He brings the instant case against various officials of SCI-Frackville and the Pennsylvania Department of Corrections ("DOC").

Daniels initiated this case through the filing of a civil rights complaint pursuant to 42 U.S.C. § 1983 on September 15, 2023. (Doc. 1). The Court dismissed the complaint without prejudice on November 2, 2023, and

directed Plaintiff to file an amended complaint. (Doc. 10). Plaintiff filed his amended complaint on November 30, 2023. (Doc. 13).

According to the allegations in the currently operative amended complaint, Daniels "was never charged with any crime" and has been "put in prison illegally by the Pennsylvania Parole Board." (Id. at 5). Daniels filed grievances complaining about his purportedly illegal confinement, but the Defendants denied the grievances and associated appeals. (Id.) He asserts that his continued unlawful imprisonment violates his rights under the Fourth, Fifth, Eighth, Thirteenth, and Fourteenth Amendments. (Id.) He seeks monetary damages. (Id.)

Defendants filed the instant motion to dismiss on February 2, 2024, and a brief in support of the motion on February 16, 2024. (Docs. 18-19). Defendants argue that the complaint should be dismissed because it fails to state a claim upon which relief may be granted and because the damages relief Daniels seeks is barred by Heck v. Humphrey, 512 U.S. 477 (1994). (Doc. 19). Defendants note that, contrary to Daniels's contentions, he in fact was charged with, and convicted of, a crime that led to his current imprisonment. (Id.)

Daniels responded to the motion on March 18, 2024, via a document that he titles a "Motion/Petition Seeking Permission to Amend Said Pleadings

2

to Inform the Court of the Fraud upon the Court There is no 'Statues [sic] of Limitation' for Fraud." (Doc. 20). Plaintiff requests that his amended complaint be amended to incorporate his criminal history—specifically, the record of Commonwealth v. Daniels, No. CP-22-CR-0004631-2021 (Dauphin Cnty. Ct. of Comm. Pl. filed Aug. 27, 2021)—which he asserts will prove that Defendants are attempting to mislead this Court. (Doc. 20 at 1). Daniels asserts that Defendants' counsel "omitted evidence of facts just to try and cover up the fact that [Daniels] has been denied Due Process since his illegal unconstitutional arrest on August 27, 2021." (Id. at 2). He represents that the record of his criminal case will show that he was never charged with a crime on August 27, 2021. (Id.) Daniels additionally moves for the Court to take judicial notice of 61 Pa.C.S. § 6117. (Doc. 24).

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief may be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.

3

2009 (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). While a complaint need only contain "a short and plaint statement of the claim, Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 556). "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Id. (quotations omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." Id. at 211 (quotations omitted).

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### III. DISCUSSION

#### A. Section 1983

Section 1983 authorizes redress for violations of constitutional rights and provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to establish a successful claim under Section 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Lake v. Arnold*, 112 F.3d 682, 689 (3d Cir. 1997). By its terms, Section 1983 does not create a substantive right, but merely provides a method for vindicating federal rights conferred by the United States Constitution and the federal statutes that it describes. *Baker v. McCollan*, 443 U.S. 137 (1979).

5

**B.     Heck v. Humphrey**

Under Heck v. Humphrey, a plaintiff seeking to "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. Claims challenging parole revocations are likewise subject to Heck's favorable termination rule. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006).

This case is clearly barred by Heck. The record of Daniels's state criminal case[1] clearly shows that he was arrested on August 27, 2021, that he was charged with crimes resulting from that arrest, that he was convicted, and that he was sentenced to one year of parole to be served consecutively to a sentence of back time for a violation of parole in an Adams County case.

---

[1] The Court grants Plaintiff's motion to consider the record of his criminal case as part of his complaint and his motion to take judicial notice of 61 Pa.C.S. § 6117. (Docs. 20, 24). In accordance with Plaintiff's motion, the Court considers the record of his criminal case as if it had been filed as an exhibit attached to his complaint.

See Daniels, No. CP-22-CR-0004631-2021; Commonwealth v. Daniels, 305 A.3d 1010, 1010 (Pa. Super. Ct. 2023). Exhibits attached to Defendants' motion to dismiss show that these charges were deemed a violation of the Adams County parole and that he is currently incarcerated based on that parole violation. (See Docs. 19-1, 19-2, 19-3).[2]

Plaintiff's complaint unambiguously challenges the legality of his 2021 criminal conviction and sentence and his Adams County parole violation. (See Doc. 13 at 5 ("Plaintiff was never charged with any crime and put in prison illegally by the Pennsylvania Parole Board").) Plaintiff has not offered any proof that his criminal conviction and sentence or parole violation have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

---

[2] The Court may consider these documents at the motion to dismiss stage without converting the motion to a motion for summary judgment because they are integral to Plaintiff's amended complaint and explicitly relied upon in the amended complaint. See Mator v. Wesco Distribution, Inc., 102 F.4th 172, 178 (3d Cir. 2024) (noting that district courts resolving motions to dismiss may "consider documents integral to or explicitly relied upon in the complaint or any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." (quoting In re. Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.7 (3d Cir. 2016))). Plaintiff's allegations that he was "put in prison illegally by the Pennsylvania Parole Board" clearly puts his parole records at issue in this case. (Doc. 13 at 5).

into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. His complaint is therefore barred by Heck. See id.

### C. Leave to Amend

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). The Court will deny further leave to amend as futile because Plaintiff's claims are barred by Heck.

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motions to consider his criminal record and to take judicial notice of 61 Pa.C.S. § 6117, grant defendants' motion to dismiss, and dismiss this case without further leave to amend. An appropriate order shall issue.

Malachy E. Mannion
United States District Judge

Dated: 7/18/24
23-1539-01